UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

H-D MICHIGAN, INC.,
HARLEY-DAVIDSON MOTOR
COMPANY, INC.,

        Plaintiffs,

        v.                            Case No. 04-C-0533

TOP QUALITY SERVICE, INC.,

        Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

On June 4, 2004, plaintiffs, H-D Michigan, Inc., and Harley-Davidson Motor Company, Inc., (Harley) sued defendant, Top Quality Service, Inc., for trademark infringement and unfair competition. The plaintiffs' motion for summary judgment is now before the court.

### DISCUSSION

I.     Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

"Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II.     Trademark Infringement Claim

To qualify for summary judgment, plaintiff must prove that (1) it owns a mark which is entitled to legal protection, and (2) defendant infringed the mark. *Forum Corp. of North America v. Forum, Ltd.*, 903 F.2d 434, 439 (7th Cir. 1990). However, Harley's motion fails on the first prong. In support of the argument that it owns a protectable trademark which defendant infringed, Harley submitted a declaration from Linda Heban (Doc. # 50), stating that Harley is the owner of the mark allegedly infringed by defendant. (Heban Decl. ¶¶ 5-19.) However, the first paragraph of the declaration asserts that

2

> Each of the statements made herein is based upon my own personal knowledge, upon knowledge I have derived from a review of the records and filed maintained in the ordinary course of business by Harley, or upon information supplied to me by other employees or agents of Harley and in the normal course of their and my duties and responsibilities.

(Heban Decl. ¶ 1.)

Heban's declaration fails to satisfy two requirements of Fed. R. Civ. Pro. 56(e). First, "[s]upporting and opposing affidavits shall be made on personal knowledge . . . ." Second, the declaration must "set forth such facts as would be admissible in evidence . . . ." *Id.* As noted above, the first paragraph of the declaration states that it is based, among other things, upon "information supplied . . . by other employees or agents of Harley." (Heban Decl. ¶ 1.) That statement fails to comply both with the personal knowledge and the admissibility requirements of Rule 56(e). Information provided to the declarant by others is inadmissible hearsay under Fed. R. Evid. 802. Assertions in an affidavit based upon the statements of others, even if made "in the normal course of [the others'] and [the declarant's] duties and responsibilities" (*Id.*) are inadmissible inasmuch as they do not fall within any of the hearsay exceptions.[1] *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial").

Heban's declaration in support of summary judgment does not indicate the origin of the information stated in each paragraph. Consequently, the court cannot determine the extent to which Heban's representations are based on her personal

---

[1]Perhaps plaintiff is confusing statements made by others in the course of their duties with records of regularly conducted activity, which are an exception to the hearsay rule under Fed. R. Evid. 803(6). Statements are not records; they constitute hearsay even when made in the course of professional duty, unless they fall into another hearsay exception.

3

knowledge as required by Rule 56(e).  Thus, Heban's declaration must be disregarded in its entirety.

Without Heban's declaration, there is no evidence in the record establishing that Harley has a protectable trademark in the term "HOG" or "HOGS."  Thus, Harley has failed to satisfy the first requirement for establishing trademark infringement under *forum Corp.*, i.e., it has a protectable trademark.  903 F.2d at 439.

Harley's claims of unfair competition and false designation of origin fails as well, for failure of proof.  Moreover, the brief filed in support of Harley's motion for summary judgment contains no discussion of the legal standard that applies to unfair competition and false designation of origin claim.

Therefore,

IT IS ORDERED that plaintiffs' motion for summary judgment is DENIED.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

4